UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MARTIN and
HERBERT ARMITAGE,

    Plaintiffs,                                       Case No. 1:00-cv-218

v                                                     Hon. Wendell A. Miles

INDIANA MICHIGAN POWER COMPANY,
d/b/a AMERICAN ELECTRIC POWER,

    Defendant.

_____/

ORDER ON PLAINTIFF MARTIN'S MOTION
FOR ATTORNEY FEES AND COSTS

Two plaintiffs filed this action against their employer, Indiana Michigan Power Company, d/b/a American Electric Power ("AEP"), alleging violations of the overtime pay provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* Originally, one plaintiff, Herbert Armitage, prevailed on his claim, while the other, Anthony Martin, did not. The court subsequently entered an order granting plaintiff Armitage attorney fees and costs totaling $57,038.81. See Order on Pending Motions Relating to Attorney Fees and Costs (docket no. 130), Sept. 29, 2003.

Martin successfully appealed the judgment in favor of AEP, and on November 16, 2004, the court entered its order on remand vacating the judgment against Martin and granting summary judgment in his favor on the issue of liability. The parties ultimately stipulated to Martin's damages in the amount of $38,000, although the parties agreed to a delay of the entry of judgment

1

in favor of Martin until after the court resolved the issue of attorneys' fees and costs.  Stipulated Order (docket no. 146),  March 21, 2005.

The matter is currently before the court on Plaintiff Martin's Motion for Attorney Fees and Costs (docket no. 147).  In his motion, Martin seeks an award of attorney fees and costs totaling $154,645.52.   AEP has filed a written response, objecting to various aspects of Martin's motion with respect to amount of fees and costs sought.

### Discussion

In its consideration of plaintiff Martin's motion, the court has made every effort to achieve consistency with its earlier ruling on plaintiff Armitage's motion for fees and costs, the September 29, 2003 Order on Pending Motions Relating to Attorney Fees and Costs (docket no. 130).  The court will therefore follow the same principles applied in that ruling, unless otherwise noted.

Section 16(b) of the FLSA provides, in pertinent part, that where a plaintiff prevails against an employer in an action under the statute, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of action."  29 U.S.C. § 216(b).  The purpose of the statute's attorney fees provision is "'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'"  Fegley v. Higgins, 19 F.3d 1126, 1134 (6th Cir. 1994) (quoting United Slate Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co., 732 F.2d 495, 502 (6th Cir.1984)).  "An award of attorney fees to a prevailing plaintiff under § 16(b) of the FLSA is mandatory, but the

amount of the award is within the discretion of the judge." Fegley, 19 F.3d at 1134.

The starting point for determining the amount of reasonable attorney's fees is to establish the "lodestar." This figure is computed by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983); Moore v. Freeman, 355 F.3d 558, 565 (6th Cir. 2004); Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392, 1401 (6th Cir. 1995). Although other considerations may result in an upward or downward adjustment of the fee, Hensley, 461 U.S. at 434, 103 S.Ct. at 1940, Moore, 355 F.3d at 565, Building Serv. Local 47, 46 F.3d at 1401-02, the lodestar is considered "the guiding light" of Supreme Court fee-shifting jurisprudence and, therefore, there is "a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]" City of Burlington v. Dague, 505 U.S. 557, 562, 112 S.Ct. 2638, 2641 (1992) (citation omitted).

Plaintiffs' counsel has in support of the motion submitted a declaration stating that the total attorney fees incurred in this case, to the date of the motion, is $145,651.00. According to the declaration, the amount of these fees which pertain to plaintiff Armitage's fee motion incurred after he filed that motion is $2,326.50. Deducting this amount and the amount of fees already awarded to plaintiff Armitage from the total attorney fees incurred in the action leaves $92,095.00, as computed by plaintiff's counsel.[1]

Previously, in support of plaintiff Armitage's motion for attorney fees, plaintiff's counsel submitted timecard listings for a total of 602.70 hours of service by various persons in this case

---

[1] Plaintiff Armitage has not filed a motion seeking an award of fees incurred after the court issued its September 29, 2003 Order, and therefore nothing in this ruling shall be deemed to require any award of additional fees or costs incurred on behalf of plaintiff Armitage.

from February 25, 2000 through November 27, 2002.  Recognizing that some of counsel's time entries pertained solely to plaintiff Martin, who was, at that time, not a prevailing party in this action, the court reduced the total hours by 50 percent to compensate for the recordkeeping deficiencies.  This resulted in 301.35 hours reasonably expended on plaintiff Armitage's case to that date.  Consistent with its earlier ruling (which is incorporated herein by reference), the court now also finds that 301.35 hours were reasonably expended on the claims of plaintiff Martin through November 27, 2002.

However, there remains to be determined the number of hours reasonably expended on the claims of plaintiff Martin after November 27, 2002.  Although plaintiff's counsel's declaration does not provide a breakdown of this number of hours, plaintiff Martin has submitted, as a supporting exhibit, a statement detailing the hours of service expended by persons employed by counsel's firm up to April 1, 2005.  The post-November 27, 2002 time entries listed on the statement detail with reasonable specificity the time expended on matters pertaining to plaintiff Martin.  In addition, counsel's declaration has identified the dates of entries which pertain solely to plaintiff Armitage.  Based on this information, the court finds that 227.9 hours have been reasonably expended on plaintiff Martin's case since November 27, 2002.  Combining these 227.9 hours with the 301.35 hours which the court finds were reasonably expended on plaintiff Martin's case up to November 27, 2002 results in a total of 529.25 hours reasonably expended on plaintiff Martin's case.

In its response to plaintiff Martin's motion, AEP objects to an award of fees for time spent in preparation of the fee motion itself, arguing that the motion "has not cited any controlling authority for the proposition that fees for fee litigation are allowable in this Circuit[.]"

4

Defendant's Response to Plaintiff's Motion for Attorney Fees and Costs at 7.  Although not cited in plaintiff's motion, controlling circuit authority does hold that time spent in preparing, presenting, and trying attorney fee applications is compensable.  Coulter v. State of Tennessee, 805 F.2d 146, 151 (6th Cir. 1986); Adcock-Ladd v. Secretary of Treasury, 227 F.3d 343, 351 (6th Cir. 2000).  The court is aware of no reason why this authority, though decided in the context of civil rights actions, should not apply to FLSA actions.  See Dague, 505 U.S. at 561-562, 112 S.Ct. at 2641 (case law construing what is a "reasonable" fee applies uniformly to all federal-fee shifting statues containing similar language).   The hours allowed for preparing and litigating a motion for attorney fees should be in proportion to the hours spent on the main case, generally not exceeding five percent.  Coulter, 805 F.2d at 151.

Here, plaintiffs' counsel appear to have spent up to approximately 35 hours working on fee-related matters on behalf of plaintiff Martin, beginning on March 10, 2005.  This would amount to less than seven percent of the total hours expended on his case.  The court concludes that given the length of time the action has been pending and the disputed nature of the fee issue, seven percent is not in this instance out of reasonable proportion to the hours spent on the main case.  The court will not deduct hours expended on litigating the fee issue, even though the time amounts to more than the five percent generally considered acceptable.  The court therefore finds that the total of 529.25 hours was reasonably expended on plaintiff Martin's case.[2]

The court must also determine a reasonable hourly rate.  In determining the appropriate

---

[2]Plaintiff Martin has requested that the court award "some additional amount" to compensate for unspecified additional time which counsel has estimated might be expended on the case after the filing of the motion for fees. Although the court will not discount the possibility that compensable fees may be incurred after a fee motion is submitted, the court will not award future fees, which are necessarily based on estimates and not on actual time expended.

level of compensation for each category of service, the court must look to the fair market value of the services provided. Northcross v. Board of Educ. of the Memphis City Schools, 611 F.2d 624, 638 (6th Cir. 1979). An attorney's normal hourly billing rate should be a key focal point in this determination. Kelly v. Metropolitan County Board of Educ., 773 F.2d 677, 683 (6th Cir. 1985); see also Small v. Richard Wolf Medical Instruments Corp., 264 F.3d 702, 707 (7th Cir. 2001) ("The attorney's actual billing rate for comparable work is considered to be the presumptive market rate"). In most communities, the marketplace has set a value for legal services, and the hourly rate charged by an attorney for his services will normally reflect the training, background, experience, and skill of the individual attorney. Northcross, 611 F.2d at 638.

Plaintiff Martin has requested compensation for counsel at various rates, depending on who performed the service and the year during which it was performed. These hourly rates range from a high of $275 per hour in 2005 (for a shareholder and senior litigation lawyer in counsel's Grand Rapids firm) down to a low of $80 (for work performed by a paralegal in the firm). Counsel has stated in the declaration submitted in support of the fee motion that these amounts were the respective individuals' hourly billing rates during the course of this action. In addition, the qualifications of the two attorneys performing the vast majority of the work in this action are detailed in counsel's declaration. AEP has not objected to these claimed hourly rates.[3] The court finds that the requested rates are reasonable and consistent with prevailing market rates for other Grand Rapids attorneys during the relevant time period. However, for ease of computation, the court will apply an average of these rates (($220 + $230 + $250 + $255 + $265 + $275 + $130 + $150 + $155 + $175 + $185 + $ 240 + $100 + $135 + $ 85 + $ 92 + $110) ÷ 17). The court

---

[3]Although AEP has objected, on various bases, to the amount of fees and costs sought in plaintiff Martin's motion, AEP has not argued that the claimed hourly rates are not reasonable.

concludes that this average – $179.53 – represents a reasonable hourly rate for the work performed. Computation of the lodestar with respect to plaintiff Martin therefore results in attorneys' fees of $95,016.25 (or 529.25 hours × $179.53 per hour).

In his motion, plaintiff Martin seeks an enhancement of the lodestar by 50 percent, which, using the court's calculations, would result in an increase of $47,508.13. Supreme Court precedent places upon the fee applicant who seeks more than the lodestar figure "the burden of showing that 'such an adjustment is *necessary* to the determination of a reasonable fee.'" Dague, 505 U.S. at 562, 112 S.Ct. at 2641. Here, plaintiff Martin has not identified any justification which is sufficient to persuade the court that an adjustment to the lodestar is necessary. The court therefore concludes that plaintiff Martin has not rebutted the presumption that the lodestar represents a reasonable fee in this case.

## Costs

Fed.R.Civ.P. 54(d) provides in pertinent part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Plaintiff has requested an award of litigation costs incurred in this case in the amount of $16,503.02, some of which are taxable under 28 U.S.C. § 1920 and some of which he seeks as part of the award of attorneys' fees. The requested costs are broken down as follows: $2,210.57 in transcript fees; $215.00 in costs already awarded on appeal; $1,862.15 for photocopies; $337.30 for a copy service; $189.93 for express delivery; $11.21 for long-distance telephone charges; $34.50 for mileage; $8.25 for meals; $4.95 for parking; $1,977 in travel expenses for a deposition; $1,279 in travel expenses for an appellate argument in Cincinnati, Ohio; $18.75 for delivery fees;

$127.31 for Westlaw research; $387.50 for mediation fees; and $7,838.75 for expert witness fees.

Title 28 U.S.C. § 1920 lists the items which courts may tax as costs:

**(1)** Fees of the clerk and marshal;

**(2)** Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

**(3)** Fees and disbursements for printing and witnesses;

**(4)** Fees for exemplification and copies of papers necessarily obtained for use in the case;

**(5)** Docket fees under section 1923 of this title;

**(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Upon allowance, costs are deemed included in the judgment or decree. Id.

AEP objects to some of the costs claimed by plaintiff Martin. First, AEP objects to plaintiff's request for three expert fees (Michael Goree, Dale Anderson, and Larry Havard) totaling $7,838.75 on the basis that plaintiff is only entitled to the statutory witness fee specified in 28 U.S.C. § 1821, which is $40 per day. Federal courts have held that the FLSA's fee-shifting provision does not provide the necessary statutory authority for expert witness fees to be awarded as part of the attorneys' fees. In Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 439 (1987), the Court definitively held that "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary." Section 216(b) of the FLSA is silent regarding the shifting of expert fees. Whether or not other federal statutes may be construed to the

8

contrary,[4] federal courts have held that the FLSA does not provide the explicit statutory authority for expert witness fees to be counted as attorneys' fees or other costs. <u>Bankston v. State of Illinois</u>, 60 F.3d 1249, 1257 (7th Cir. 1995) (citing <u>Gray v. Phillips Petroleum</u>, 971 F.2d 591, 594 (10th Cir. 1992)); see <u>Glenn v. General Motors Corp.</u>, 841 F.2d 1567, 1575 (11th Cir. 1988) (noting that § 216(b) "does not refer explicitly to witness fees" and "nothing in the legislative history associated with [its] passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C. § 1920").

The court had already concluded, with respect to plaintiff Armitage, that expert fees exceeding $40.00 per day are not taxable in this case. The court already taxed $80.00 in witness fees for the depositions of experts Anderson and Havard. Because Anderson testified over a two-day period and the court previously awarded plaintiff Armitage $40.00 for one day of the appearance, the court will award plaintiff Martin $40.00 for the second day's appearance, in addition to $40.00 each for Havard and Goree. Under the circumstances, plaintiff Martin shall therefore recover the sum of $120.00 in costs for the witness fees of Larry Havard and Dale Anderson.

AEP objects to some of the costs claimed by plaintiff Martin, on the basis that counsel has previously represented that much of the costs in the case were attributable to the claims of plaintiff Armitage. In its previous order entered on September 29, 2003, the court concluded that

---

[4]With respect to 42 U.S.C. § 1988, the Supreme Court held that a previous version of the statute which provided only for the recovery of attorneys' fees conveyed no authority to shift expert fees. <u>West Virginia Univ. Hosps., Inc. v. Casey</u>, 499 U.S. 83, 102, 111 S.Ct. 1138, 1148 (1991). Congress legislatively overruled <u>Casey</u> by amending § 1988 to provide that a court has the discretion to award expert fees. <u>Zeigler Coal Co. v. Director, Office of Workers' Comp. Programs, U.S. Dept. of Labor</u>, 326 F.3d 894, 899 n.2 (7th Cir. 2003); <u>Anderson v. Secretary of Health and Human Serv.</u>, 80 F.3d 1500, 1508 n.5 (10th Cir. 1996). However, no such provision has been made a part of the FLSA.

9

the vast majority of the claimed costs incurred up to that point should be reduced by one-half, while others should be reduced to reflect 1/7 of the claimed amount. The same reasoning applies here, and therefore the court will make appropriate reductions and award the following amounts for expenses incurred up to November 27, 2002, the date plaintiff Armitage filed his fee motion: $1,133.60 for copies; $70.05 for a copy service; $29.15 for express delivery; $9.80 in long-distance telephone charges; $34.50 for mileage; $8.25 for meals; $4.95 for parking; $329.50 for travel expenses related to the deposition of AEP's expert Dale Anderson; $6.25 for delivery fees; $127.31 for Westlaw research; $387.50 for mediation fees; $74.79 for the Havard deposition; $309.42 for the Dale Anderson deposition; $132.98 for the September 28, 2001 deposition of Michael Goree. The court finds that these costs are reasonable.

To these reasonable costs, the court will also award the following costs incurred after November 27, 2002, which the court finds to have been reasonably incurred: $691.10 for copies; $12.50 for a delivery service; $119.15 for express delivery; $ 1.41 in long-distance telephone charges; and $307.26 for a copy service.

Finally, the court will also include in the judgment the $215.00 in costs already awarded after plaintiff Martin's successful appeal.

Additional costs have been incurred which would appear to pertain solely to plaintiff Martin. These include $569.65 for the deposition of plaintiff Martin; $571.66 for the Michael Thornburg deposition; and $178.15 for the November 29, 2001 deposition of Michael Goree. Travel expenses were also incurred for plaintiff Martin's appellate argument in Cincinnati, Ohio in the amount of $1,279.85. The court finds that these costs are reasonable.

## CONCLUSION

The court taxes the following costs and awards reasonable out-of-pocket expenses in favor of plaintiff Martin and against defendant AEP as follows:

| | | |
|---|---:|---:|
| Appellate costs | | $   215.00 |
| Witness fees | | 120.00 |
| Copies | | 1,824.70 |
| Copy service | | 377.31 |
| Express delivery | | 148.30 |
| Long distance telephone charges | | 11.21 |
| Mileage | | 34.50 |
| Meals | | 8.25 |
| Parking | | 4.95 |
| Travel | | 1,609.35 |
| Delivery fees | | 18.75 |
| Westlaw research | | 127.31 |
| Mediation fees | | <u>387.50</u> |
| | | $ 4,887.13 |
| Depositions | | |
|     Havard | $   74.79 | |
|     Anderson | 309.42 | |
|     Goree | 311.13 | |
|     Martin | 569.65 | |
|     Thornburg | <u>571.66</u> | |
| | $ 1,836.65 | <u>$ 1,836.65</u> |
| Total | | $ 6,723.78 |

The court also orders that AEP shall pay reasonable attorneys' fees incurred on behalf of plaintiff Martin in the amount of $95,016.25 pursuant to 29 U.S.C. § 216(b).

So ordered this 27th day of December, 2005.

                                                        <u>/s/ Wendell A. Miles</u>
                                                        Wendell A. Miles, Senior Judge